**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VINETTA FOX,

        Plaintiff,                        CASE NO. 07-10240

-vs-

                                         PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

KITCH, DRUTCHAS, WAGNER,
VALITUTTI, SHERBROOK, P.C., et al.,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Vinetta Fox's February 13, 2008 Motion for Reconsideration of the Court's Opinion and Order which granting Defendants' Motion for Summary Judgment. (Dkt. No. 35).

Plaintiff argues that the Court committed palpable error when it failed to acknowledge her claims that Defendants were not producing pertinent discovery materials to her or willfully producing too much information in response to her discovery requests. On April 19, 2007, Plaintiff filed a Motion to Compel. On May 25, 2007, the Magistrate Judge granted in part and denied in part Plaintiff's Motion such that Defendants were ordered to produce: Defendant Lloyd's personnel records; Defendant Lloyd's personal telephone records; documents from ICreate authored by Plaintiff; pertinent portions of Defendant Cardelli's billing records; and e-mails from Defendant Cardelli and Plaintiff regarding work assignments. (Dkt. No. 19). Defendants subsequently filed an Objection to the Magistrate Order. This Objection was not resolved before the Court granted

Defendants' Motion for Summary Judgment on February 6, 2008. (Dkt. No. 33).

A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted). In the present case, Plaintiff has failed to meet this standard.

After review, the Court finds no palpable error has occurred such that a different disposition of the case would result. The Court holds that Plaintiff's claims failed for reasons that can not be cured by the information which Plaintiff requested from Defendants.

The Court held that: (1) her claims of individual liability failed as a matter of law; (2) her wrongful termination claim failed because did not allege she was replaced by someone outside the protected class, nor that she was treated less favorably than a similarly-situated person outside the protected class; (3) her claim of wage disparity failed as a matter of law because she did not identify a basis of discrimination, nor allege with any specificity any similarly-situated legal secretaries outside the protected class were paid more; (4) her promotional denial claim failed because she could not establish the positions were promotions and did not allege the women who received the jobs were similarly-situated to her; (5) her retaliation claim failed because she did not allege any causal connection between her complaints about her pay scale and her termination; (6) her slander claim failed because she failed to allege any of the required elements under Michigan law; and (7) her intentional infliction of emotional distress claim failed because her claim did not constitute extreme or outrageous behavior. The Court finds that with each of these claims, Plaintiff could not

2

set forth any genuine issues of material fact even if she had received all of the discovery she allegedly was denied by Defendants.

Therefore, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 28, 2008.

s/Denise Goodine
Case Manager